Chen v. Sessions

BIA
Christensen, IJ
A200 880 255

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand eighteen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

JIANQING CHEN,
    *Petitioner,*

v.                                          16-3162
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Zhen Liang Li, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Carl McIntyre,
                         Assistant Director; Sharon M.
                         Clay, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianqing Chen, a native and citizen of the People's Republic of China, seeks review of an August 15, 2016, decision of the BIA affirming an April 10, 2015, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianqing Chen,* No. A 200 880 255 (B.I.A. Aug. 15, 2016), *aff'g* No. A 200 880 255 (Immig. Ct. N.Y. City Apr. 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on the "consistency between the applicant's or witness's written and oral statements[,]. . . the consistency of such statements with other evidence of record[,] . . . and any inaccuracies or falsehoods in such statements."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Substantial evidence supports the agency's determination in this case.

First, the agency reasonably relied on an inconsistency between Chen's testimony that the Chinese church he attended had no priest or reverend and a letter he submitted from a reverend at Catholic (China) Fuzhou General District Taijang Cangshan Church, which stated that Chen and several of his family members were devoted Catholics or "expected" (non-baptized) Catholics.  A.R. 330. Chen testified that he did not know who this reverend was and that it might be someone his mother knew.  He argues that his testimony was not inconsistent either

3

because he never testified that he attended the church identified in the letter, or because the reverend did not state that he administered all of the church's services. But these explanations do not account for the reverend's alleged personal knowledge of Chen's devotion to Catholicism. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzalez*, 430 F.3d 77, 80 (2d Cir. 2005)(internal quotation marks omitted)). Accordingly, the agency reasonably concluded that this inconsistency undermines the basis of Chen's past persecution claim.  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Omissions regarding Chen's time in hiding and his medical treatment bolster the adverse credibility ruling. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent" for

4

credibility purposes.).  Chen testified that he went to a private doctor when he was released from detention and was diagnosed with severe internal injuries, after which he went into hiding for over four months before leaving China. However, Chen's application and his father's letter omitted this information.  The agency was not required to accept Chen's explanation for the omissions because Chen included less material details in his asylum application and gave no reason for his father's omission.  See *Majidi*, 430 F.3d at 80.   These omissions are not, as Chen argues, insignificant.  The omissions relate to the severity of harm and his fear of re-arrest and motivation for leaving China.  Moreover, the agency may rely on "*any* inconsistency or omission" regardless of its materiality, as long as the "totality of the circumstances" supports the determination that an applicant is not credible.  *Xiu Xia Lin*, 534 F.3d at 167.

Given these inconsistencies and omissions, which called into question Chen's testimony and undermined the reliability of his corroborating evidence, substantial evidence supports the adverse credibility ruling.  *See id*. Because Chen's asylum, withholding of removal, and CAT

5

claims were all based on the same factual predicate, the adverse credibility ruling is dispositive of all relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

<pre>
                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk
</pre>